GRAVELEY *et al. v.* GRAVELEY *et al.*

*(Circuit Court, W. D. Virginia.* April 19, 1890.)

TRADE-MARKS—INFRINGEMENT—JURISDICTION OF CIRCUIT COURT.

Under Act Cong. March 3, 1881, relating to registration of trade-marks used in foreign commerce, the circuit court has no jurisdiction of a bill for infringement where both parties reside in the state, and it does not appear that the trade-mark is used in foreign commerce.

In Equity.

B. F. Graveley & Son filed their bill, November 24, 1888, against B. F. Graveley & Co., to recover damages of the defendants for using trade-marks on tobacco manufactured by them so similar to those used by the complainants on the celebrated "Graveley tobacco" as to constitute an infringement, and to enjoin the defendants from the further use of such trade-marks.

*Greeen & Miller,* for complainants.
*Peatross & Harris,* for defendants.

Before BOND and PAUL, JJ.

BOND, J. This is a bill filed to enjoin the defendants from using the trade-mark of the complainants, which had been duly registered under the act of March 3, 1881. The parties to these proceedings are all citizens and residents of Virginia, so that whatever jurisdiction the court may have to entertain the bill arises not from the citizenship of the parties, but from the fact that the complainants have a right guarantied to them by act of congress, which right is the exclusive use of their registered trade-marks against the claims of all other persons to use the same. If it be admitted that the complainants are entitled to the exclusive use of the trade-marks mentioned in the bill otherwise than by act of congress, a matter which, in our view of the case, it is not necessary to determine, and that the defendants have used them upon tobacco of their manufacture without the consent of the complainants, they do not derive that right of exclusive use from any statute of the United States. Their right under the laws of the United States is the right to use these registered trade-marks in foreign commerce. Act March 3, 1881, (21 U. S. St. at Large, 502.) The bill in this case nowhere asserts that the defendants have used these registered trade-marks in foreign commerce, nor does the proof show a single instance of such use on their part. Under these circumstances, since the parties to the suit are citizens of the same state, and since the only right guarantied to complainants by the laws of the United States is the right to use exclusively their registered trade-marks in foreign commerce, which right it is not alleged the defendants have infringed, it seems the court is without jurisdiction in the matter. The complainants may be entitled to the exclusive use of these registered trade-marks at common law, or under some state statute, and, if they were citizens of different states, might possibly file this bill here; but, under the state of facts above set forth, we think the bill must be dismissed for want of jurisdiction, and it is so ordered.